UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN J. MUELLER,<br><br>    Plaintiff,<br><br>    vs.<br><br>CORRECTION CORPORATION OF AMERICA; CCA WESTERN PROPERTIES, INC.; PHILIP VALDEZ, and JOHN/JANE DOES 1-8.<br><br>    Defendants. | Case No. 1:12-cv-00147-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Motion to Dismiss, based on a statute of limitations defense. (Dkt. 6.) The Motion is now fully briefed. (Dkt. 8, 10.) Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion to Dismiss.

**MEMORANDUM DECISION AND ORDER - 1**

## MOTION TO DISMISS

### 1.   Background

At all relevant times, Plaintiff was incarcerated at the Idaho Correction Center (ICC), which is a prison that is operated by the Corrections Corporation of America (CCA) under a contract with the state of Idaho. Plaintiff alleges that he initially was a member of a gang at ICC, but later disassociated himself from the gang. Plaintiff contends that ICC staff knew he would be in substantial danger if he were housed in the same area as members of his former gang. Plaintiff alleges that ICC staff were deliberately indifferent to his safety when they failed to separate him from gang members, who seriously injured Plaintiff in an assault on March 1, 2010. (Complaint, Dkt. 1.)

Plaintiff filed his first federal civil rights complaint seeking a remedy for his injuries arising from the assault on February 16, 2011, in Case No. 2:11-cv-00057-CWD. Plaintiff was released from prison in April 2011. (Dkt. 1, p. 2, in this case.) On March 9, 2012, the complaint in the first action was dismissed for failure to exhaust administrative remedies. (Dkt. 20, 21 in Case No. 2:11-cv-00057-CWD.)

Because Plaintiff's release from prison freed him from the requirement that he first exhaust his administrative remedies, he filed his second federal civil rights complaint on March 22, 2012. (Dkt. 1, in this case.) Defendants now assert that, because Plaintiff's cause of action accrued on March 1, 2010, and his second action was filed more than two years later, on March 22, 2012, his Complaint was untimely and is subject to dismissal with prejudice.

**MEMORANDUM DECISION AND ORDER - 2**

2.      **Standard of Law**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim

when the allegations in the complaint clearly show that the complaint is barred by the

applicable statute of limitations. *Von Saher v. Norton Simon Museum of Art at Pasadena*,

592 F.3d 954, 969 (9th Cir. 2010). Where the statute of limitations is not jurisdictional, as

here, the defendant bears the burden of proof to show untimeliness.  *Kingman Reef Atoll*

*Investments, L.L.C. v. U.S.*, 541 F.3d 1189, 1197 (9th Cir. 2008). In the Rule 12(b)

context, all allegations of material fact are taken as true and construed in a light most

favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

To determine a motion to dismiss for failure to state a claim, the court generally

may not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*,

137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the

complaint and documents referred to in (but not attached to) the complaint, where the

authenticity of such document is not in question. *Id*. at 622-23. A court may also take

judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust*

*Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and public records, such as records and

reports of administrative bodies. *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994).

Federal civil rights actions arising in Idaho are governed by a two-year statute of

limitations. *See Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims

brought under the Securities Exchange Act of 1934, not applicable here); Idaho Code §

5-219. The statute of limitations is tolled while the inmate exhausts administrative

**MEMORANDUM DECISION AND ORDER - 3**

grievance procedures pursuant to the Prison Litigation Reform Act (PARA). *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

Although the state statute of limitations governs the time for filing a claim, federal law governs when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986).

A claimant may proceed on a lawsuit filed beyond the statute of limitation deadline if he can show that his statute of limitation should have been tolled (or suspended) for a certain period of time during the deadline period within which he should have filed the lawsuit.  In a civil rights case such as this, state tolling provisions apply unless important federal policy will be undermined. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464-65 (1975).

The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. Idaho Code § 5-230.

Several Idaho cases have addressed the issue of whether pending administrative or court actions toll the statute of limitations for related actions. In *Lemhi County v. Boise*

**MEMORANDUM DECISION AND ORDER - 4**

*Live Stock Loan Co.*, 278 P. 214 (Idaho 1929), the Idaho Supreme Court held that a prior court action will toll the statute of limitations for a later action only if the first action "prevent[s] enforcement of the remedy of [the second] action." *Id.* at 217.

In *Gibson v. Ada County*, 133 P.3d 1211 (Idaho 2006), the plaintiff sought judicial review of Ada County's decision to terminate her employment, under the Idaho Administrative Procedure Act (IAPA). Her statute of limitations on a civil rights action arising from the same set of facts expired during the pendency of administrative and judicial reviews of the termination, but the Idaho Supreme Court found no basis to extend tolling to the plaintiff as a result of the pending reviews because exhaustion of administrative remedies was not a prerequisite to the civil rights suit and her civil rights statute of limitations accrued as soon as the hearing officer at her pre-termination hearing concluded that the termination was proper, notwithstanding the later reviews of that action. *Id.* at 745-56.

In *Wilhem v. Frampton*, decided in 2007, the plaintiff asked the court to toll the statute of limitations on a complaint against his former attorney for all of the time during which his bar complaint and fee arbitration were pending before the Idaho State Bar, including the time in which a state court appeal was pending challenging the Bar's original decision that it would not hold a fee arbitration because the attorney had refused to consent to binding arbitration. 158 P.3d at 312. The Idaho Supreme Court reversed the decision of the state district court, which had determined that tolling applied during the plaintiff's pursuit of the Bar proceedings. The Idaho Supreme Court reasoned that a stay

**MEMORANDUM DECISION AND ORDER - 5**

of the action was permissible only "by injunction or statutory prohibition," explaining that "[i]n a situation such as this, the client must file the lawsuit and ask the court to stay it pending the completion of the fee arbitration proceedings."[1] *Id.*

Tolling does not apply simply because it would seem an injustice to allow the plaintiff to remain without a remedy. In *Wilhelm*, the Bar decided that of the $29,929 that Mr. Wilhelm had paid to Mr. Frampton, the attorney services were worth only $5,320, and Mr. Wilhelm was entitled to a refund of $24,609. Unfortunately, by that time, the statute of limitations had run, and Mr. Wilhelm was without a legal remedy, having waited too long to file his suit.

In *Noak v. Idaho Department of Correction*, 271 P.3d 703 (Idaho 2012), the plaintiff sued nonconsenting state agencies in federal court and, when those actions were dismissed on sovereign immunity grounds, the plaintiffs filed untimely suits in state court. The Idaho Supreme Court did not find any statutory basis upon which to toll the statute of limitations for the late-filed state complaints, holding that dismissal of the late-filed suits was warranted. *Id.* at 709-10.

## 3.    Discussion

The parties agree that Plaintiff's cause of action accrued on March 1, 2010. (Dkt.

---

[1] *Accord, Karel v. Gee*, 2008 WL 4889936, at *2 (D. Idaho Nov. 12, 2008) (the *Karel* court declined to apply tolling where a plaintiff waited for an Idaho Department of Finance ruling and Idaho Supreme Court ruling before filing a civil rights action in federal court, reasoning that "[a] thorough search of Idaho case law reveals no standard for applying equitable tolling in Idaho outside the context of motions seeking post-conviction relief in criminal matters.").

**MEMORANDUM DECISION AND ORDER - 6**

6, 8.) In addition, the statute of limitations commencement date was *not* tolled during exhaustion of administrative remedies, because Plaintiff did not exhaust his administrative remedies, as Judge Dale determined in the previous federal district court action. Accordingly, the statute began running on March 1, 2010, and expired on March 1, 2012, absent a basis for tolling.

Plaintiff asserts that the first civil rights action tolled the statute of limitations for the second suit during the pendency of the first suit. Plaintiff argues that the first suit was not dismissed until March 9, 2012, after the statute of limitations for a new suit would have expired; therefore, he could not have filed his second suit until a determination on his first suit was rendered. Plaintiff argues that equity demands that he be permitted to proceed with the current suit, given that he had no control over when Judge Dale would rule on dismissal of his first suit.

None of the Idaho cases cited above supports Plaintiff's position that tolling is warranted as a result of the earlier-filed suit. Under Idaho law, to show that tolling should apply, Plaintiff either must point to express statutory language permitting tolling, or he must show that one action is a pre-requisite to another. No statutory tolling applies. Neither was Plaintiff's first lawsuit a *pre-requisite* to bringing the second lawsuit–the first suit was, at best, a mistaken filing (filed prematurely without exhaustion of administrative remedies), or, at worst, a filing where Plaintiff ignored the exhaustion requirement and then later tried to evade it by claiming he had tried to exhaust his remedies when he did not (a claim for which he failed to bring forward any supporting documentary evidence).

**MEMORANDUM DECISION AND ORDER - 7**

(Dkt. 20 in Case No. 2:11-cv-00057-CWD.)

In addition, there is no firm procedural prohibition against *filing* a second protective lawsuit while awaiting a decision on the first. Generally, a litigant in federal court is not permitted to *pursue* claims against the same defendants for the same alleged wrongs in two different federal court actions. However, district courts have broad discretion to control their dockets and, after weighing the equities of the case, a district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions. *Adams v. California Dept. of Health Services*, 487 F. 3d 684, 689-92 (9th Cir.), *cert. denied*, 552 U.S. 107 (2007) (citations omitted).

The Court also considers whether application of Idaho's tolling principles under the circumstances of this case is inconsistent with federal law. *Jones v. Blanas*, 393 F.3d at 927. In *Hardin v. Straub*, 490 U.S. 536, 539 (1989), the United States Supreme Court admonished that the lower federal courts "should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue." The Supreme Court identified "§ 1983's chief goals" as "compensation and deterrence," and its "subsidiary goals" as "uniformity and federalism." *Id*. at 539.

Here, although Idaho's view that no equitable tolling exists differs from some

**MEMORANDUM DECISION AND ORDER - 8**

other jurisdictions,[2] the following protections remain available. Idaho statutorily tolls the

limitations period for a person's minority status or insanity. Idaho Code § 5-230. Early

filing of a case pending resolution of a previous case will not necessarily result in

dismissal in Idaho, but rather a stay or injunction is available to preserve one's rights.

*Wilhelm*, 158 P.3d at 312. Finally, the theory of equitable estoppel is available. While it

"does not 'extend' a statute of limitation," it works in a similar manner to prevent a party

who has falsely represented or concealed a material fact with actual or constructive

knowledge of the truth "from pleading and utilizing the statute of limitations as a bar,

although the time limit of the statue may have already run." *J.R. Simplot Co., v.

Chemetics International, Inc*., 887 P.2d 1039, 1041 (Idaho 1994).

      With these protections in place in Idaho, and under the factual circumstances of

---

[2] Compare California equitable tolling principles, outlined in *Jones v. Blanas*:
Equitable tolling under California law "'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Lantzy v. Centex Homes*, 73 P.3d 517, 523 (2003) (citation and internal quotation marks omitted). The purpose of California's equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Daviton v. Columbia/HCA Healthcare Corp*., 241 F.3d 1131, 1137(9th Cir. 2001) (en banc) (quoting *Addison v. State*, 578 P.2d 941, 942 (1978)) (internal quotation marks omitted). Thus California courts apply equitable tolling "to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." *Lantzy*, 73 P.3d at 523. Application of California's equitable tolling doctrine "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute." *Id*., 73 P.3d at 524 (quoting *Addison*, 578 P.2d at 945) (internal quotation marks omitted) (omission in original).
393 F.3d at 928.

**MEMORANDUM DECISION AND ORDER - 9**

this case, this Court concludes that Idaho's tolling principles do not defeat the purposes of § 1983–compensation, deterrence, uniformity, and federalism. Further, the Court has considered that Ninth Circuit precedent provides for tolling of the statute of limitations for administrative exhaustion purposes in prisoner civil rights cases; it would undermine the purposes of exhaustion to toll the statute for a suit containing claims were brought *notwithstanding* failure to exhaust.

The Court also has considered whether Plaintiff has clean hands to seek equity. Plaintiff has ignored his failure to exhaust administrative remedies, his choice to bring a suit under those circumstances while in prison, and his choice to file his first suit one year after the assault–these are the operative factors that caused his first suit to be dismissed and his statute of limitations to be missed, rather than the timing of Judge Dale's decision.

Plaintiff's argument that he did not have control over the first suit is somewhat disingenuous, given that, upon filing the suit, he gambled on whether it would be dismissed at a future unknown time because of the failure to exhaust administrative remedies; and, upon being released from prison, he did not agree to dismissal and then re-file his action, even though he had nearly one year to do so before his statute of limitations expired and his first case was dismissed. Because Plaintiff controlled whether he exhausted his administrative remedies and whether and when he filed a first suit and a second suit, the Court finds that no equitable remedy exists to save the late filing of his second Complaint.

Finally, the Court considers Plaintiff's argument that because the first suit was

**MEMORANDUM DECISION AND ORDER - 10**

dismissed "without prejudice," Judge Dale must have intended that Plaintiff be able to file his suit again. To the contrary, a "dismissal without prejudice" is mandated by precedent when a court finds that prison administrative remedies have not been exhausted. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."). Therefore, no "intent" can be read into the "without prejudice" dismissal of the first suit.

Further, in several instances in the habeas corpus context, courts of precedent have rejected claims that a district court misled a litigant when it dismissed a petition "without prejudice," even though the statute of limitations prevented the filing of a second petition. In *Ford v. Pliler*, 590 F.3d 782 (9th Cir. 2009), the Court noted that a dismissal without prejudice, "as that term is understood in its legal sense," means a "dismissal that does not bar the plaintiff from refiling within the applicable limitations period." *Id*. at 788. In other words, while it *permits* a plaintiff to re-file with the limitations period, it does not *guarantee* that the limitations period is still open.

This Ninth Circuit decision arose from the remand of *Pliler v. Ford*, 542 U.S. 225 (2004), where the United States Supreme Court held that the district court did not commit prejudicial error when it failed to inform a pro se prisoner that, absent equitable tolling, his claims would be time-barred if he elected to voluntarily dismiss his claims without prejudice and try to re-file his petition in federal court after exhausting his remedies in state court. Before remanding the case, the Supreme Court rejected the Ninth Circuit's

**MEMORANDUM DECISION AND ORDER - 11**

decision requiring district courts to warn petitioners of a potential statute of limitations problem, finding that such a warning "would force upon district judges the potentially burdensome, time-consuming, and fact-intensive task of making a case-specific investigation and calculation of whether the . . . limitations period has already run or will have run by the time the petitioner returns to federal court." *Id*. at 232.

Thus, Plaintiff errs in reading into Judge Dale's dismissal without prejudice an intent that he be permitted to return to federal court after expiration of the limitations period, because courts are not equipped or required to do the work of plaintiffs and plaintiffs' lawyers. *Accord*, *Brambles v. Duncan*, 412 F.3d 1066, 1070 (9th Cir. 2005) (on remand from the United States Supreme Court, the Ninth Circuit Court held that the district court presented "accurate options," including a "dismissal without prejudice" to the litigants, even though the options were given "twelve days after the statute of limitations had expired.").

**MEMORANDUM DECISION AND ORDER - 12**

4.      **Conclusion**

To a litigant facing loss of a cause of action and a court bound to follow the law

that will result in a litigant losing his cause of action, statutes of limitation can appear to

be random, removed from the merits of the cause of action, and unjust. In *Chase*

*Securities Corporation v. Donaldson*, 325 U.S. 304 (1945), the United States Supreme

Court provided this insight into statutes of limitation:

> Statutes of limitation find their justification in necessity and
> convenience rather than in logic. They represent expedients, rather than
> principles. They are practical and pragmatic devices to spare the courts
> from litigation of stale claims, and the citizen from being put to his defense
> after memories have faded, witnesses have died or disappeared, and
> evidence has been lost. *Order of Railroad Telegraphers v. Railway Express*
> *Agency*, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788. They are by
> definition arbitrary, and their operation does not discriminate between the
> just and the unjust claim, or the voidable and unavoidable delay. They have
> come into the law not through the judicial process but through legislation.
> They represent a public policy about the privilege to litigate.

*Id*. at 314.

Here, even though Plaintiff may have suffered a compensable loss, he did not

follow the procedures set forth by the law to be able to pursue either his first or his second

lawsuit. Based on all of the foregoing, the Court concludes that the second Complaint is

untimely and that tolling is inapplicable under the circumstances. Accordingly, the

Complaint will be dismissed with prejudice.

**MEMORANDUM DECISION AND ORDER - 13**

## ORDER

**IT IS ORDERED** that Defendants' Motion to Dismiss (Dkt. 6) is GRANTED,

and Plaintiff's Complaint is DISMISSED with prejudice.

DATED:  **February 1, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 14**